United States District Court
Southern District of Texas
**ENTERED**
July 18, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRANDY BERGARA, TDCJ #01463419, Petitioner, VS. LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | § § § § § § § § § § § | CIVIL ACTION NO. 3:13-CV-273 |

## MEMORANDUM OPINION AND ORDER

State inmate Brandy Bergara (TDCJ #01463419) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). After reviewing all of the pleadings, the record, and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that Bergara's petition must be dismissed.

As a preliminary matter, Bergara, who began this proceeding represented by counsel, has moved for permission to proceed *pro se* (Dkt. 8) on the grounds that her counsel, Winston Earle Cochran, Jr., has not communicated with her for years and has not responded to her letters requesting information about her petition (Dkt. 8 and Dkt. 11).

Cochran's conduct does seem to indicate that he has forgotten about this case. On October 29, 2013, he filed a petition for a writ of certiorari in the United States Supreme Court challenging the denial of Bergara's state habeas petition (Dkt. 4 at p. 2). *See* United

States Supreme Court Case Number 13-7209. Cochran argued in the certiorari petition that *Miller v. Alabama*, 132 S.Ct. 2455 (2012), which is discussed in more detail below, should be expanded to cover adult offenders who receive mandatory life sentences (Dkt. 4 at p. 2). This Court continued this proceeding indefinitely at Cochran's request and ordered him to file a notice with the Court within one week of the Supreme Court's ruling on the certiorari petition (Dkt. 5).

Cochran did not comply with that order. The Supreme Court denied the certiorari petition on January 13, 2014; but Cochran never filed a notice and, according to the docket sheet, has not contacted the Court in any way. Judging from a letter she wrote to the Court (Dkt. 11), Bergara has not heard from him either. Evidently, Cochran saw further pursuit of this habeas petition as futile once the Supreme Court rejected his *Miller* argument. However, that realization did not excuse him from his obligations to keep his client reasonably informed and to promptly reply to her reasonable requests for information,[1] to say nothing of his obligation to comply with orders of the Court.

That said, Bergara's motion to proceed *pro se* (Dkt. 8), while understandable, is **DENIED** as moot because the Court is dismissing her petition.

I. <u>BACKGROUND</u>

On October 1, 2007, Bergara was convicted of capital murder for serving as the getaway driver for two associates who shot and killed a bar patron during an armed

---

[1] These obligations are outlined in ABA Model Rule of Professional Conduct 1.4 and Texas Disciplinary Rule of Professional Conduct 1.03. The Southern District of Texas has explicitly adopted the Texas Rules; and courts in the Fifth Circuit also generally look to the ABA Model Rules, after which the Texas Rules were patterned. *See* Southern District of Texas Local Rules, Appendix A, Rule 1; *In re American Airlines*, 972 F.2d 605, 610 (5th Cir. 1992).

robbery in 2002 (Dkt. 1 at pp. 3, 10–11). *See* Galveston County Criminal Case Number 04-CR-0846. Because the State did not seek the death penalty, Bergara received an automatic sentence of life in prison, though she will be eligible for parole after serving forty years (Dkt. 1 at p. 2–3). *See* TEX. CODE CRIM. PROC. art. 37.071, § 1.

Bergara appealed her conviction to the Fourteenth Court of Appeals of Texas, which affirmed. *See Bergara v. State*, No. 14-07-00938-CR, 2009 WL 2476513 (Tex. App.—Houston [14th Dist.] Aug. 13, 2009, pet. ref'd). Bergara then filed a petition for discretionary review with the Texas Court of Criminal Appeals, which issued its final disposition denying review on March 29, 2010. *See* Texas Court of Criminal Appeals case number PD-1334-09.

Bergara took no further action until the United States Supreme Court issued its opinion in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), in which the Supreme Court "held that a juvenile[2] convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing." *Montgomery v. Louisiana*, 136 S.Ct. 718, 725 (2016). On June 25, 2013, one year to the day after the Supreme Court issued the *Miller* opinion, Bergara filed a petition for a writ of habeas corpus in Texas state court (Dkt. 1 at p. 16).

The Texas Court of Criminal Appeals denied Bergara's state habeas petition without a written order on July 31, 2013 (Dkt. 1 at p. 7). Bergara filed the instant habeas

---

[2] The Supreme Court defined "juvenile" as someone who was under the age of 18 at the time of the crime. *Miller v. Alabama*, 132 S.Ct. 2455, 2460 (2012).

petition on the same day (Dkt. 1 at p. 19), arguing that her mandatory life sentence violated the Eighth Amendment (Dkt. 1 at pp. 7–13).

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

This federal habeas petition is subject to the one-year limitations period found in 28 U.S.C. § 2244(d). *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Section 2244(d) provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
>
> 28 U.S.C. § 2244(d).

Essentially, subsections (B), (C), and (D) outline exceptions to the general rule, set forth in subsection (A), that a federal habeas petition must be filed within one year after the petitioner's conviction becomes final. *Flanagan*, 154 F.3d at 198. Section (d)(2) tolls limitations during the pendency of a properly filed state habeas petition. *Id*.

When a habeas petitioner has, as Bergara did, pursued relief on direct appeal through her state's highest court, her conviction becomes final ninety days after the highest court's judgment is entered, which is the expiration of time for filing a petition for writ of certiorari with the United States Supreme Court. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008). In Bergara's case, that date was June 27, 2010, ninety days after the Texas Court of Criminal Appeals refused her petition for discretionary review. If that is the correct trigger date, then the statute of limitations barred this petition on June 27, 2011.

Bergara argues that a different trigger date applies; she contends that, under 28 U.S.C. § 2244(d)(1)(C), limitations began to run on the date of the *Miller* decision (Dkt. 1 at pp. 15–16). *See* 28 U.S.C. § 2244(d)(1)(C).

The Court disagrees. While it is true that *Miller* was made retroactively applicable to cases on collateral review—*Montgomery*, 136 S.Ct. at 732—it announced a narrow rule that patently does not apply to Bergara. Nothing in the language of 28 U.S.C. § 2244(d)(1)(C) indicates that it allows a court to reset the limitations trigger date by speculatively extending a newly recognized right—if courts could do that, then subsection (C)'s limits would be virtually impossible to ascertain. Rather, subsection (C) is triggered only by the express recognition of a right. *See Flanagan*, 154 F.3d at 199

(noting that a new retroactive rule must be "applicable to [the petitioner's] claim" in order for Section 2244(d)(1)(C) to apply); *see also, e.g., Sharikas v. Kelly*, No. 1:07CV537, 2008 WL 6626950, at *2 (E.D. Va. Apr. 7, 2008) (holding, with citations to several other district court opinions, that a newly recognized Constitutional rule prohibiting imposition of death penalty for juvenile offenses did not reset the limitations trigger date for a Section 2254 petition because the petitioner was sentenced to life in prison, not death); *Castillo v. United States*, Nos. 01 Civ. 7167, 95CR144, 2002 WL 31365941, at *2 (S.D.N.Y. Oct. 18, 2002) (holding that a newly recognized Constitutional rule requiring that "any fact [other than the fact of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt" did not reset the limitations trigger date for a Section 2255 petition because the petitioner's sentence did not exceed the statutory maximum).

First, *Miller* applies to offenders who were juveniles at the time they committed their crimes, *Id.* at 726, and Bergara was 22 years old when she committed hers.[3] Second, *Miller* addresses a particular type of sentence: mandatory life imprisonment without parole. *Id.* Bergara did not receive that sentence; she will be eligible for parole after serving forty years (Dkt. 1 at p. 2). That's still a very long time, but even if Bergara had been a juvenile at the time of the robbery the fact of parole eligibility alone would have

---

[3] *See* Southern District of Texas Case No. 3:16-CV-130 at Docket Entry 2, page 2, as well as Bergara's profile on the Texas Department of Criminal Justice website, which can be found at https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=07215273. Bergara's date of birth is July 11, 1980.

removed her from the scope of *Miller*. *Id.* at 736 ("A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them."). As outlined by a majority of the Supreme Court, *Miller*'s reach is very clear, and Bergara, just as clearly, falls outside of it.

In any event, and for many of the same reasons, Bergara's claims, even if considered timely, are meritless. Bergara can only obtain relief in this federal habeas proceeding if she can show that the Texas courts adjudicated her claims in a manner "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" *See* 28 U.S.C. § 2254(d). She has not made that showing. Under the Supreme Court's interpretation of the Eighth Amendment, a state can sentence adults convicted of homicide offenses to life without parole (let alone life with the possibility of parole) without the consideration of mitigating circumstances. *See Harmelin v. Michigan*, 501 U.S. 957, 994–96 (1991).

Bergara, who concedes that she is angling for an expansion of *Miller*'s holding, insists that passages from a concurrence and a dissent in *Miller* support *Miller*'s application to her circumstances (Dkt. 1 at pp. 15–16). The Court does not give such weight to these separate opinions in light of the *Miller* majority's explicit statement that *Harmelin* stands unaffected by *Miller*. *Miller*, 132 S.Ct. at 2465–70. Central to *Miller*'s rationale, and absent from Bergara's discussion, is the acknowledgment that, from an Eighth Amendment standpoint, adults and juveniles are simply treated differently. *Id.* Since *Harmelin* dealt with an adult offender, it coexists harmoniously with *Miller* until a majority of the Supreme Court says otherwise.

The statute of limitations barred this petition on June 27, 2011. No special circumstances exist, and no tolling doctrines apply. Moreover, the claims have no merit. The Court will dismiss Bergara's federal habeas petition.

### III. <u>CERTIFICATE OF APPEALABILITY</u>

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also

that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment and ruling debatable or wrong. Because the petitioner does not otherwise allege facts showing that her claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

2. Bergara's motion to proceed *pro se* (Dkt. 8) and all other pending motions are **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties. This shall include notice to Bergara directly.

SIGNED at Galveston, Texas, on July 15, 2016.

*George C. Hanks*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE