United States District Court
Southern District of Texas
**ENTERED**
August 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRANDY BERGARA, | § | |
| TDCJ #01463419, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-273 |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

State inmate Brandy Bergara (TDCJ #01463419) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). Although Bergara filed her petition more than one year after her conviction became final, she argued that the petition was nevertheless timely under 28 U.S.C. § 2244(d)(1)(C) because her case fell within the reach of *Miller v. Alabama*, 132 S.Ct. 2455 (2012), in which the Supreme Court "held that a juvenile[1] convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing." *Montgomery v. Louisiana*, 136 S.Ct. 718, 725 (2016). *Miller* was made retroactively applicable to cases on collateral review. *See Montgomery*, 136 S.Ct. at 732. However, because Bergara was neither a juvenile at the time she committed her crime nor sentenced to life without parole (she will be

---

[1] The Supreme Court defined "juvenile" as someone who was under the age of 18 at the time of the crime. *Miller v. Alabama*, 132 S.Ct. 2455, 2460 (2012).

eligible for parole after serving forty years), this Court held that *Miller* clearly did not apply; dismissed Bergara's petition as time-barred (and, in the alternative, meritless); and denied a certificate of appealability (Dkt. 14 and Dkt. 15).

Bergara has now filed a "motion for extension of time to file a certificate of appealability," which the Court will construe as including both a notice of appeal and a motion for an extension of time to file a notice of appeal (Dkt. 16 and Dkt. 17). Bergara has also filed a motion to proceed *in forma pauperis* on appeal (Dkt. 18 and Dkt. 19). The Court will grant the request for an extension of time but will deny the motion to proceed *in forma pauperis*.

### A. Bergara's request for an extension

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts states that Federal Rule of Appellate Procedure 4(a) governs the time to appeal a final order adverse to the applicant in a Section 2254 proceeding. Under Federal Rule of Appellate Procedure 4(a)(5), a district court may extend the time to file a notice of appeal if the appellant: (1) requests the extension no later than thirty days after the appellate deadline expires; and (2) shows excusable neglect or good cause. FED. R. APP. P. 4(a)(5)(A). The extension may not go beyond the later of thirty days after the original appellate deadline or fourteen days after the entry of the order granting the extension. FED. R. APP. P. 4(a)(5)(C).

The Supreme Court has articulated four factors for courts to use when assessing whether neglect is excusable:

(1) danger of prejudice to the opposing party;

(2) the length of the delay and its potential impact on judicial proceedings;

(3) the reason for the delay, including whether it was within the reasonable control of the movant; and

(4) whether the movant acted in good faith.
*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

Determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. The Fifth Circuit has applied the *Pioneer* factors to the Rule 4(a)(5) analysis. *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998).

This Court entered both its order dismissing Bergara's petition and its final judgment on July 15, 2016 (Dkt. 14 and Dkt. 15), which made Bergara's deadline to file a notice of appeal August 15, 2016. FED. R. APP. P. 4(a)(1)(A). Bergara received the order and judgment on July 22, 2016 (Dkt. 16 at p. 1) and filed her hybrid motion for an extension and notice of appeal on August 17, 2016 (Dkt. 16 at p. 3).[2]

Bergara's reason for requesting an extension of her appellate deadline appears to be that, prior to August 15, she thought that this Court's denial of a certificate of appealability absolutely foreclosed all avenues of higher court review, rendering an attempt to appeal pointless (Dkt. 16 at pp. 1–2). Bergara was mistaken; a litigant can request a certificate of appealability from the court of appeals if the district court denies one. FED. R. APP. P. 22(b); Rule 11, Rules Governing Section 2254 Cases in the United

---

[2] August 17, 2016 is the date on which Bergara deposited her motion/notice into the prison mailing system. That is the filing date. *See* **Error! Main Document Only.**Fisher v. Johnson, 174 F.3d 710, 712 n.8 (5th Cir. 1999); FED. R. APP. P. 4(c).

States District Courts. If a litigant does not file an express request for a certificate of appealability with the court of appeals, a notice of appeal will constitute a request for one. *Id*. And even if the district court issues a certificate of appealability, a timely notice of appeal is still required. *Id*. Bergara does not say how she found out that she could, and indeed needed to, file a notice of appeal; but she obviously acted promptly upon learning it.

*Pioneer* factors one, two, and four clearly weigh in favor of granting Bergara's motion. There is no danger of prejudice to any party because the Court dismissed Bergara's habeas petition during Rule 4 preliminary review; the length of the delay—two days—is minimal and would have no effect on judicial proceedings; and there is no indication that Bergara acted in bad faith.

The third factor is a bit more difficult to gauge. It could certainly be said that Bergara's proffered reason for the delay amounts to simple ignorance of unambiguous, well-settled law, which is generally insufficient to obtain relief under Rule 4(a)(5). *Halicki*, 151 F.3d at 470. On the other hand, the Fifth Circuit has "left open the possibility that some misinterpretations of the federal rules may qualify as excusable neglect[.]" *Id*. And, although the case in which a misinterpretation of the rules will constitute excusable neglect is a "rare" one, *Id*., that window is wider for a *pro se* litigant like Bergara than it is for a litigant who is represented by counsel.[3] *See Brown v.*

---

[3] As the Court explained in its order dismissing Bergara's petition, Bergara was originally represented by counsel, but she credibly claimed in several *pro se* submissions that she attempted to contact her counsel for years and got no response. The Court did not hear from her counsel for a number of years, either. Bergara's counsel never formally withdrew from representing her and

*Johnson*, 239 F.3d 366, 2000 WL 1741617, at *4 (5th Cir. 2000). Bergara was evidently confused by the applicable rules, the comprehension of which does require a close reading. This factor might weigh in favor of denying Bergara's motion, but if so only slightly.

Factor three, even if it weighs against Bergara, does not negate the other three factors, which militate heavily in her favor. Once Bergara learned that her interpretation of the applicable rules was mistaken, she promptly filed a hybrid notice of appeal and motion to extend her time to file a notice of appeal. The Court will grant Bergara's request for an extension. *See Brown*, 2000 WL 1741617, at *4 (affirming district court's grant of an extension when *pro se* prisoner had filed his notice of appeal three days late because he thought it was due thirty days after receipt of the final judgment, rather than thirty days after entry of the final judgment).

### B. Bergara's request to proceed *in forma pauperis*

However, the Court will deny Bergara's application to proceed *in forma pauperis* on appeal. Bergara's argument that the Supreme Court's *Miller* opinion applies to her case and allows her to avail herself of the limitations period outlined in 28 U.S.C. § 2244(d)(1)(C) is frivolous. Bergara's appeal from the Court's judgment therefore seeks review of only frivolous issues and is, under the objective test enunciated in *Coppedge v.*

---

has recently resurfaced in a related case, a habeas petition filed by one of Bergara's accomplices. In a recent filing in the accomplice's case, Bergara's counsel indicated that Bergara's case fell off of his radar while he was working on a death penalty case in early 2014. *See* Southern District of Texas Case Number 3:13-CV-272, Dkt. 7 at pp. 15–16. Bergara has expressed her desire to proceed *pro se*, and her former counsel has indicated that he considers that wish controlling. Under the circumstances, the Court will consider the relationship between Bergara and her lawyer long severed and will not penalize Bergara by holding her to the standards of a represented litigant.

*United States*, 369 U.S. 438, 445 (1962), not taken in good faith. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* FED. R. APP. P. 24(a)(3)(A).

The Court **GRANTS** Bergara's motion for an extension of time under Federal Rule of Appellate Procedure 4(a)(5) (Dkt. 16); her notice of appeal, filed two days after the deadline, will be considered timely. *See* FED. R. APP. P. 4(a)(5)(C). The Court **DENIES** Bergara's motion for leave to proceed *in forma pauperis* on appeal (Dkt. 18).

Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk of this Court shall send a copy of this Order to the parties and to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit docket number is 16-41225.

SIGNED at Galveston, Texas, this 30th day of August, 2016.

George C. Hanks Jr.
United States District Judge